United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME PEREZ, et al., ) | No. C 07-4454 MJJ (PR) |
| Plaintiffs, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| BEN CURRY, et al., ) | **(Docket No. 2)** |
| Defendants. ) | |

Jaime Perez, a California prisoner at the California Training Facility, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Mr. Perez alleges that he and other inmates are subject to non-consensual transfers to prisons in other states.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id.

---

[1] Numerous other inmates are also listed as plaintiffs, but the complaint and other filings are only signed by Mr. Perez. As a pro se plaintiff, Mr. Perez may not represent other inmates. As a pro se plaintiff, Mr. Perez may not appear on another person's behalf in the other's cause; he may only litigate an interest personal to him. See Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

G:\PRO-SE\MJJ\CR.07\perez.dsm.wpd

1  § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v.
2  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. §
3  1983, a plaintiff must allege two essential elements: (1) that a right secured by the
4  Constitution or laws of the United States was violated, and (2) that the alleged violation was
5  committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
6  48 (1988).

7  　　　Mr. Perez claims that prison officials are violating his rights by instituting a program
8  for transferring him and other prisoners to other state prisons to alleviate overcrowding in
9  California's prison system. Prisoners have no constitutional right to incarceration in a
10 particular institution, however. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983);
11 Meachum, 427 U.S. 224. A prisoner's liberty interests are sufficiently extinguished by his
12 conviction that the state may generally confine or transfer him to any of its institutions, to
13 prisons in another state or to federal prisons, without offending the Constitution. See Rizzo
14 v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate
15 prison transfer does not implicate Due Process Clause); Olim, 461 U.S. at 244-48 (interstate
16 prison transfer does not implicate Due Process Clause)); see also Stewart v. McManus, 924
17 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal
18 prison). A non-consensual transfer is not violative of either due process or equal protection
19 rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d
20 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be
21 afforded before a prisoner is transferred, even if the transfer is to a considerably less
22 favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d
23 at 519; see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work
24 release center back to prison does not implicate due process nor equal protection rights). "It
25 is well settled that the decision where to house inmates is at the core of prison administrators'
26 expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).

27 　　　Moreover, transfers from one prison to another do not violate the Eighth Amendment.
28 See Sisbarro v. Massachusetts State Penitentiary, 592 F.2d 1, 4-5 (1st Cir.), cert. denied, 444

G:\PRO-SE\MJJ\CR.07\perez.dsm.wpd　　　　　　2

U.S. 849 (1979). Loss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests. See Olim, 461 U.S. at 247 (prison transfers constitutional even where they involve "long distances and an ocean crossing"); Davis v. Carlson, 837 F.2d 1318, 1319 (5th Cir. 1988) (no right to transfer to prison near wife).

In light of the foregoing authority, Mr. Perez's allegations fail to state a cognizable claim for the violation of his constitutional rights or for relief under § 1983.

Accordingly, this action is DISMISSED for failure to state a claim upon which relief may be granted. In light of this dismissal, the application for leave to proceed in forma pauperis are DENIED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: 09/28/07                                 _____
                                                MARTIN J. JENKINS
                                                United States District Judge

G:\PRO-SE\MJJ\CR.07\perez.dsm.wpd           3